**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL KOVALOVSKY, on behalf of**
**PLAINTIFFS KATHLEEN SUE STALLINGS, JANE**
**AND JOHN DOES,**

        **Plaintiffs,**

**-vs-**                                                                                           **Case No. 6:13-cv-1058-Orl-36KRS**

**DEFENSE FINANCE ACCOUNTING SERVICE,**

        **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration following review of Petitioner Michael Kovalovsky's response to my Order to Show Cause of July 17, 2013. Doc. No. 5.

**I.   BACKGROUND.**

On July 12, 2013, Michael Kovalovsky (identifying himself as "Petitioner") filed a complaint against Defense Finance Accounting Service ("DFAS"), asserting violations of 42 U.S.C. §§ 1981 and 1988. Doc. No. 1. The caption of the complaint indicated that Kovalosky was appearing *pro se* "on behalf of Plaintiffs Kathleen Sue Stallings, Jane and John Does." The body of the complaint suggested that Stallings had a written court order to receive survivor benefits and that DFAS had delayed in responding to her request for survivor benefits. Kovalovsky signed the complaint as "Petitioner." Stallings and the Doe Plaintiffs did not sign the complaint.

On July 17, 2013, I entered an Order to Show Cause. Doc. No. 4. I noted that the complaint strongly suggested that Kovalovksy was attempting to pursue the legal rights of others, which he does not have standing to do, and, thus, that the Court lacked subject matter jurisdiction over the case.

Accordingly, I required Kovalovsky to show cause in writing why the case should not be dismissed for lack of subject matter jurisdiction. I required Kovalovksy to clearly state if he was pursuing claims on his own behalf or pursuing claims on behalf of Stallings and the Doe Plaintiffs. If he was pursuing claims on behalf of Stallings and the Doe Plaintiffs, I required him to explain the theory under which he is permitted to do so (giving the example of a guardian being permitted to pursue a claim under Federal Rule of Civil Procedure 17). I also required Kovalovsky to identify who the "Jane and John Does" listed in the case caption are and how they relate to the allegations in the complaint.

On July 24, 2013, Kovalovsky filed his response to the Order to Show Cause. Doc. No. 5. The response, which is signed by both Kovalovsky and Stallings, states, "*[Mr.] Kovalovsky has no personal claim of any harm*, except to the fact of a caretaker of her person and her property since plaintiff's three major knee operations and a loyal family friend who served along with her husband in the United States Marshal Service and the unjust treatment of a citizen of this country." *Id.* (emphasis added). It also states, "The Jane and John Does come into play simply because it does not take a brain surgeon to surmise if the DFAS can totally ignore the pleadings of one citizen, over more than a one year span it can therefore ignore the pleadings of many others." *Id.*

**II.    ANALYSIS.**

Kovalovsky's response to the Order to Show Cause makes it clear that he lacks standing because he is attempting to pursue the legal rights of others, not his own legal rights. *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (citations omitted) (a plaintiff must generally assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of other parties).

Indeed, Kovalovsky admits that he "has no personal claim of any harm." In addition, despite my direction to identify the theory under which he is permitted to pursue claims on behalf of Stallings and the Doe Plaintiffs and my reference to Rule 17, Kovalovsky has not identified any legal basis on which he might be permitted to pursue claims on behalf of Stallings or the Doe Plaintiffs (such as being Stallings's guardian). Because Kovalovsky lacks standing to pursue claims on behalf of Stallings and the Doe Plaintiffs, the Court lacks subject matter jurisdiction over this case. *Callaway v. Hornbake*, Case No. 2:11-cv-85-FtM-99DNF, 2012 WL 333769, at *2 (M.D. Fla. Feb. 1, 2012) (citing *Bochese v. Town of Ponce Inlet*, 405 F.3d 974-75 (11th Cir. 2005)).

### III.   RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court dismiss the complaint without prejudice for lack of subject matter jurisdiction. Because it appears that Stallings is the individual with standing to pursue claims against DFAS, I **FURTHER RECOMMEND** that Stallings be granted leave to file an amended complaint within fourteen (14) days after the Court's Order on this Report and Recommendation, if she wishes to pursue claims against DFAS. Any such amended complaint must identify Stallings as the Plaintiff in the case caption and the body of the complaint. Kovalovksy's name should not be included in the case caption, he should not be identified as a "petitioner," and he should not sign the amended complaint. If Stallings intends to pursue the action *pro se*, she must sign the amended complaint. Alternatively, if Stallings obtains counsel to represent her in the case, the amended complaint should be signed and filed by counsel.

If Stallings desires to include the Doe Plaintiffs in the amended complaint, Stallings should be advised that, as a non-attorney, she cannot represent the Doe Plaintiffs and that, like Kovalovsky,

she does not generally have standing to pursue the legal rights of others.  While it might be possible for Stallings to pursue a class action pursuant to Fed. R. Civ. P. 23, she should be advised that Rule 23 sets forth extensive requirements for the maintenance of such a class action.  Finally, Stallings should be advised that Fed. R. Civ. P. 11 provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> \*\*\*
>
> (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

and that the Court may impose sanctions for violations of Rule 11.  Fed. R. Civ. P. 11(b)-(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 12, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy